IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

KELLY L. FOUTCH, administrator of the
Estate of RUSSELL TED FOUTCH,
deceased,

        Plaintiff,

v.

TURN KEY HEALTH, LLC, d/b/a TURN
KEY MEDICAL, and TURN KEY; CREEK
COUNTY PUBLIC FACILITIES
AUTHORITY; JANE DOE NURSE I;
JANE DOE NURSE II; and JOHN/JANE
DOES III–X,

        Defendants.

Case No. 17-CV-431-GKF-JFJ

## OPINION AND ORDER

Before the court is the Motion to Certify Question to the Oklahoma Supreme Court [Doc. No. 37] of plaintiff Kelly L. Foutch, administrator of the Estate of Russell Ted Foutch, deceased. For the reasons set forth below, plaintiff's motion is granted.

### I. Background

On September 30, 2016, Russell Foutch died while in the physical custody of the Creek County Public Facilities Authority (the Jail) and under the medical supervision of Turn Key Health, LLC (Turn Key).[1] Plaintiff, the administrator of Mr. Foutch's estate, filed this case on July 20, 2017, alleging (I) a federal civil rights claim under 42 U.S.C. § 1983 against all defendants; (II) a negligence and wrongful death claim against Turn Key and Jane Doe Nurse I and Jane Doe Nurse II; (III) a negligent conduct, training, hiring, and supervision claim against

---

[1] Plaintiff's factual allegations are more fully set forth in the court's Opinion and Order dated April 11, 2018. *See* [Doc. No. 32, pp. 1–2]

the Jail; and (IV) a *Bosh*[2] claim for violations of Mr. Foutch's rights under Okla. Const. art. 2, §§ 7 and 9 against all defendants.

The Jail and Turn Key subsequently moved to dismiss, *inter alia*, plaintiff's *Bosh* claim, arguing the Oklahoma Supreme Court has not extended *Bosh* to recognize a private cause of action under Okla. Const. art. 2, §§ 7 or 9 for denial of inmate medical care. *See* [Doc. Nos. 17; 22]. The court agreed, holding:

> To permit plaintiff's state constitutional claim to proceed would require this court to extend *Bosh* and *Deal* beyond their holdings. Federal courts "are generally reticent to expand state law without clear guidance from its highest court." *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1284 (10th Cir. 2013). That is especially true here, given that the requested expansions present questions of state constitutional law which would have significant consequences on state interests.[FN3] Without any clear guidance from the Oklahoma Supreme Court, the court declines to extend *Bosh* and *Deal* beyond their holdings to create a private cause of action under Article II, §§ 7 and 9 for alleged denial of inmate medical care.

[Doc. No. 32, pp. 4–5]. On April 30, 2018, plaintiff moved to reconsider and, in the alternative, for the court to certify questions to the Oklahoma Supreme Court. *See* [Doc. Nos. 37; 38]. The court denied plaintiff's motion to reconsider, stating:

> It is one thing for a federal court to predict how a state's highest court would interpret an ambiguous state statute. It is quite another for a federal court to expand the scope of a state constitutional tort created by the state's Supreme Court. Expanding the scope of *Bosh* claims to encompass claims for the denial of inmate medical care would likely result in a flood of such claims, would have a significant impact on the state's finances, and would reduce the state's sovereign immunity. Comity and the principle of federalism inherent in the U.S. Constitution do not permit this court to arrogate unto itself the power to expand

---

[2] In *Bosh v. Cherokee Bldg. Auth.*, 305 P.3d 994 (Okla. 2013), the Oklahoma Supreme Court held that Okla. Const. art. 2, § 30 provides a private cause of action for excessive force, notwithstanding provisions of the Oklahoma Governmental Tort Claims Act (OGTCA) immunizing the state from liability for such claims. More recently, in *Deal v. Brooks*, 389 P.3d 375, 384 (Okla. Civ. App. 2016), the Oklahoma Court of Civil Appeals held that Okla. Const. art. 2, § 7 provided a private cause of action for a child whose substantive due process rights had been violated by reckless and deliberate acts of the Department of Human Services. The Oklahoma Supreme Court subsequently approved *Deal* for publication, so the decision is accorded precedential value. *Deal v. Brooks*, 2016 OK 123 (Okla. 2016); *see also* OKLA. SUP. CT. R. 1.200(e).

2

the scope of the state constitutional tort against the State of Oklahoma and its political subdivisions.

[Doc. No. 39]. The court now turns to plaintiff's motion for certification.

## II. Standard for Certifying a Question to the Oklahoma Supreme Court

The standards governing certification stem from both state and federal law. Under Oklahoma law, the Oklahoma Supreme Court has the power to answer a question certified to it by a federal court "if the answer may be determinative of an issue in pending litigation in the certifying court and there is no controlling decision of the Supreme Court or Court of Criminal Appeals, constitutional provision, or statute of this state." 20 O.S. § 1602. The test in federal court is whether the question (1) may be determinative of the case at hand, and (2) is sufficiently novel that the court feels uncomfortable attempting to decide it without further guidance. *Pino v. United States*, 507 F.3d 1233, 1236 (10th Cir. 2007) (citing *Delaney v. Cade*, 986 F.2d 387, 391 (10th Cir. 1993)). The court's analysis should "seek to give meaning and respect to the federal character of our judicial system, recognizing that the judicial policy of a state should be decided when possible by state, not federal courts." *Id.* (citing *Lehman Bros. v. Schein*, 416 U.S. 386, 391, 94 (1974)).

## III. Analysis

Plaintiff's request for certification meets these criteria. Plaintiff seeks certification of the following two questions:

1. Whether Okla. Const. art. 2, § 7 provides a private cause of action for denial of medical care to an inmate, notwithstanding the limitations of the Oklahoma Governmental Tort Claims Act, 51 O.S. §§ 151 *et seq.*?

2. Whether Okla. Const. art. 2, § 9 provides a private cause of action for denial of medical care to an inmate, notwithstanding the limitations of the Oklahoma Governmental Tort Claims Act, 51 O.S. §§ 151 *et seq.*?

[Doc. No. 37, p. 16]. Answering these questions may be determinative of the case at hand; plaintiff's *Bosh* claim is not coterminous with her federal civil rights claim, because 42 U.S.C. § 1983 requires plaintiff establish municipal liability while *Bosh* does not. The issues are also sufficiently novel that the court is uncomfortable deciding them without guidance from the Oklahoma Supreme Court. In dismissing plaintiff's *Bosh* claim, this court specifically stated it was reticent to extend *Bosh* absent clear guidance from the Oklahoma Supreme Court.[3] [Doc. No. 32, p. 5]. Likewise, the court's denial of plaintiff's motion to reconsider was grounded in its conviction that it is the right and duty of the Oklahoma Supreme Court—not a federal district court—to determine the proper scope of a state constitutional tort. [Doc. No. 39].

Consequently, the court holds certification is appropriate in this case and will enter an appropriate order certifying questions to the Oklahoma Supreme Court. In the event the Oklahoma Supreme Court recognizes one or both causes of action, the court will reconsider and reverse its dismissal of plaintiff's *Bosh* claim.

---

[3] The court is far from alone in expressing such reticence. *See Hedger v. Kramer*, 2013 WL 5873348, at *2–3 (W.D. Okla. Oct. 30, 2013) (declining to extend *Bosh* excessive force claims beyond its particular circumstances); *Koch v. Juber*, 2014 WL 2171753, at *3 (W.D. Okla. May 23, 2014) ("*Bosh* does not serve to create a private right of action for all claims arguably arising under the Oklahoma Constitution"); *Bruning v. City of Guthrie*, 2015 WL 4925995, at *8-9 (W.D. Okla. Aug. 18, 2015); *Langkamp v. Mayes Emergency Servs. Tr. Auth.*, 2017 WL 2819003, at *5–7 (N.D. Okla. June 29, 2017) (expressing reluctance to expand *Bosh* beyond its holding, where plaintiffs asserted claims under article II, sections 2 (inherent right to life, liberty, and the pursuit of happiness), 3 (right of assembly and petition), 7, and 22 (right of free speech and press), but finding no conflict between the Oklahoma Constitution and the OGTCA because plaintiff had a cause of action under the OGTCA); *but see Miller v. City of Konowa*, 2017 WL 6328942, at *3–4 (E.D. Okla. Dec. 11, 2017) (noting *Bosh* has not been limited to its facts and holding plaintiff had stated a viable *Bosh* claim in the context of a sexual harassment suit)

**IV. Conclusion**

WHEREFORE, plaintiff's Motion to Certify Question to the Oklahoma Supreme Court [Doc. No. 37] is granted. The court has prepared its proposed certified questions and will present them to counsel for review and comment at the conference to be held on June 12, 2018.

IT IS SO ORDERED this 11th day of June, 2018.

*[signature]*
GREGORY K. FRIZZELL, CHIEF JUDGE