IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KELLY L. FOUTCH, administrator of the Estate of RUSSELL TED FOUTCH, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>TURN KEY HEALTH, LLC d/b/a TURN KEY MEDICAL, and TURN KEY; CREEK COUNTY PUBLIC FACILITIES AUTHORITY; JANE DOE NURSE I; JANE DOE NURSE II; and JOHN/JANE DOES III–X,<br><br>    Defendants. | Case No. 17-CV-431-GKF-JFJ |

## ORDER

Before the court is plaintiff's Motion to Dismiss All Remaining Defendants Without Prejudice [Doc. 77], filed pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Defendant Turn Key Health, LLC ("Turn Key") submitted a response [Doc. 83] opposing the motion, and plaintiff submitted a reply [Doc. 89]. As set forth below, the court will grant plaintiff's motion and enter a judgment of dismissal without prejudice on certain conditions.

### I.  Legal Standard

After a defendant has served an answer, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). "The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (quoting *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 357 (10th Cir. 1996)).

"Dismissal under Rule 41(a)(2) is within the sound discretion of the court." *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993); *see also Brown*, 413 F.3d at 1123. But "the district court

normally should grant such a dismissal," absent "legal prejudice" to the defendant. *Brown*, 413 F.3d at 1123 (quoting *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997)). "Prejudice does not arise simply because a second action has been or may be filed against the defendant, which is often the whole point in dismissing a case without prejudice." *Id.* at 1124 (citation omitted).

Determining whether an opposing party will suffer "legal prejudice" from a dismissal requires consideration of "practical factors including [1] 'the opposing party's effort and expense in preparing for trial; [2] excessive delay and lack of diligence on the part of the movant; [3] insufficient explanation of the need for a dismissal; and [4] the present stage of litigation.'" *Id.* (quoting *Ohlander*, 114 F.3d at 1537). "These factors are neither exhaustive nor conclusive; the court should be sensitive to other considerations unique to the circumstances of each case." *Id.*

"Conditions are designed to alleviate any prejudice a defendant might otherwise suffer upon refiling of an action." *Am. Nat. Bank & Tr. Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991). Thus, a district court "should impose only those conditions which actually will alleviate harm to the defendant." *Id.*

## II. Discussion

In her motion, plaintiff asks the court "to dismiss this action and all remaining defendants without prejudice and upon such terms and conditions as the court deems proper." [Doc. 77, p. 1]. The court has considered the practical factors identified by the Tenth Circuit in determining whether Turn Key will suffer legal prejudice if the court grants plaintiff's motion.

With regard to the first factor, the opposing party's effort and expense in preparing for trial, Turn Key argues that it has incurred substantial expense and expended a significant amount of resources in defending this suit and preparing for trial. [Doc. 83, p. 7]. These include expenses incurred by Turn Key in connection with briefing its motion to dismiss [Doc. 17], opposing

plaintiff's Motion to Reconsider and Motion to Certify Question to the Supreme Court of Oklahoma [Doc. 43], answering plaintiff's complaint [Doc. 35], conducting fact discovery, retaining expert witnesses, producing expert reports, and moving for summary judgment [Doc. 79].[1]  The court observes that those efforts would require, at most, only partial duplication if plaintiff were allowed to voluntarily dismiss this action and refile.

With regard to the second factor, excessive delay and lack of diligence on the part of the movant, Turn Key contends that plaintiff "has failed to prosecute her case and has needlessly protracted litigation." [Doc. 82, p. 9].  Plaintiff asserts that the parties engaged in depositions and "a litany of written discovery" and that defendants have hindered plaintiff's ability to obtain certain discovery.  [Doc. 89, p. 5]; *see also* [Doc. 86] (plaintiff's pending motion to compel); [Doc. 84] (defendant's pending motion to quash).

With regard to the third factor, explanation of the need for a dismissal, plaintiff asserts that Stinnett Law has sought to withdraw from this matter and "no longer desires to prosecute or expend funds in the prosecution of this matter." [Doc. 77, p. 2].  In her reply brief, plaintiff also raises a potential attorney-witness issue as to Carla Stinnett, one of plaintiff's two attorneys of record. [Doc. 89, p. 3].  This issue appears to have arisen upon defense counsel's listing of Ms. Stinnett as a potential witness in defendant's Preliminary Witness and Exhibit List.  [Doc. 89-2].

With regard to the fourth factor, the present stage of the litigation, the court observes that plaintiff moved to dismiss without prejudice on January 17, 2019, almost eighteen months after commencing the action and about one month before the scheduled end of discovery.  Turn Key filed its motion for summary judgment the following day.

---

[1] Notably, in similar contexts, some courts have "recognized a distinction between preliminary litigation matters and actual trial preparation."  *Snyder Ins. Servs., Inc. v. Kulin-Sohn Ins. Agency, Inc.*, No. 16-2535-DDC-GEB, 2019 WL 464874, at *3 (D. Kan. Feb. 6, 2019).

3

Upon consideration of the totality of the circumstances presented in this case, the court finds that dismissal of the case without prejudice and without any conditions to refiling would result in legal prejudice to Turn Key, including the likelihood that Turn Key would be required to incur some duplicative fees, costs, or expenses as a result of dismissal and refiling. The court further finds, however, that dismissal without prejudice subject to certain curative conditions would be just and proper.

WHEREFORE, the court will grant plaintiff's motion to dismiss without prejudice on the following conditions, which apply if plaintiff elects to file a subsequent action based on or including the same claim(s) against the same defendant:

1. Plaintiff must file the subsequent action no later than February 28, 2020;

2. In the event the subsequent action is filed in or removed to the United States District Court for the Northern District of Oklahoma, the action shall be reassigned to the undersigned for purposes of judicial economy, as this court has extensive knowledge and experience with this case;

3. The parties in the subsequent action may utilize all discovery conducted and obtained in this case, subject to the court's rulings on use and admissibility, and no duplicative discovery shall be permitted;

4. Plaintiff may assert only the current claims against the current defendant, except that plaintiff may seek leave of court to add other claims or defendants for good cause;

5. Any taxable costs incurred by defendant in this action shall be taxed against plaintiff in the subsequent action in the event defendant prevails; and

6. At the end of the subsequent action, defendant may seek reimbursement from plaintiff for a reasonable amount of any duplicative attorneys' fees or expenses incurred by defendant as a result of plaintiff's voluntary dismissal and refiling.

Plaintiff has the option to withdraw her motion for voluntary dismissal if she does not wish the court to bind her by the conditions specified above. Thus, the court will permit plaintiff to withdraw her motion upon filing a statement with the court indicating her intent to do so by 5:00 p.m. on February 27, 2019. If plaintiff withdraws her motion by the deadline, this action shall proceed and this order shall have no effect on the parties and the matters herein. If plaintiff does not withdraw her motion by the deadline, the court will grant plaintiff's motion to dismiss without prejudice, effective February 28, 2019, subject to the conditions recited herein.

IT IS SO ORDERED this 22nd day of February, 2019.

*Gregory K. Frizzell*
GREGORY K. FRIZZELL, CHIEF JUDGE